# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| 2911 BELLEVIEW, LLC, ) | |
|     Plaintiff, ) | |
| vs. ) | Case No. 08-0442-CV-W-FJG |
| ) | |
| ATL HOLDINGS, LLC, ) | |
|     Defendant. ) | |

## ORDER

Pending before the Court is Defendant ATL Holdings, LLC's Rule 12(e) Motion for More Definite Statement as to Count I and Rule 12(b)(6) Motion to Dismiss as to Count II of Plaintiff's Complaint (Doc. No. 5).

**I.  Background**

On May 15, 2008, plaintiff filed its original Petition for Damages in the Circuit Court of Jackson County, Missouri. On June 12, 2008, defendant removed plaintiff's petition to this Court based on diversity jurisdiction.

Plaintiff's two-count Complaint[1] asserts claims for (1) Count I - fraudulent misrepresentation, and (2) Count II - violations of the Missouri Merchandising Practices Act. Plaintiff claims that defendant fraudulently induced plaintiff into purchasing certain properties by making misrepresentations that the properties could be used for commercial purposes, when in fact the city of Kansas City, Missouri, had re-zoned the properties from commercial to residential.

On June 23, 2008, defendant filed the pending motions.

**II.  Rule 12(b)(6) Motion to Dismiss as to Count II of Plaintiff's Complaint**

Initially, the Court will consider defendant's motion to dismiss Count II for failure to state a claim upon which relief can be granted. Defendant notes that Count II of plaintiff's

---

[1]Hereinafter, the Court will refer to plaintiff's state court petition as the "Complaint" for ease of reference.

Complaint alleges damages for violations of the Missouri Merchandising Practices Act (MMPA), RSMo. § 407.010, et seq. As noted by defendant, the MMPA applies to merchandise purchased or lease "primarily for personal, family or household purposes." RSMo. § 407.025. Defendant notes that, on the face of plaintiff's Complaint, plaintiff alleges that it purchased the property at issue in this matter for commercial purposes. See Complaint, ¶¶ 7, 8, 14, 38. Defendant states that, as plaintiff has failed to plead that the property was purchased for personal, family, or household purposes (and, in fact, pleads the opposite), plaintiff's MMPA claims should be dismissed. Plaintiff has filed no opposition to the pending motion to dismiss Count II of its Complaint.

Accordingly, for the reasons stated in defendant's Rule 12(b)(6) Motion to Dismiss as to Count II of Plaintiff's Complaint, defendant's motion will be **GRANTED**. Count II of plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

## III.     Rule 12(e) Motion for More Definite Statement as to Count I

Count I of plaintiff's Complaint alleges fraudulent misrepresentation. Defendant states that plaintiff has failed to plead fraud with sufficient particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud . . . ." Thus, plaintiff must "plead such matters as the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). In other words, plaintiff "must typically identify the who, what, where, when and how of the alleged fraud." Id.; Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001).

Fed.R.Civ.P. 12(e) states in part, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

2

Defendant states that, in Count I of plaintiff's Complaint, plaintiff has claimed that unspecified agents of defendant represented to unspecified parties at plaintiff that the warehouse at issue in this case could be used in the manner desired by plaintiff. Defendant states that the conclusory allegations by plaintiff as to the alleged misrepresentations (without identification of the parties involved or attaching a copy of the contract at issue in this case) are insufficient under Rule 9(b), and plaintiff should be required to present a more definite statement.

The pertinent sections of plaintiff's Complaint are as follows:

- In or around 2006, ATL placed the Properties on the real estate market for sale [Complaint, ¶ 7.]

- ATL marketed the Properties as a commercial property which included a warehouse [Id., ¶ 8.]

- ATL posted an advertisement . . . indicating the building type as "Warehouse." [Id., ¶ 9.]

- ATL's listing of the Property . . . indicated the building type as "Warehouse." [Id., ¶ 10.]

- Prior to January 15, 2007, agents of ATL, namely Brian Statton of CBRE and/or CB Richard Ellis, met representatives of 2911 Belleview at the Properties to discuss the terms and conditions of a potential sale of the Properties ("the Meetings"). [Id., ¶ 11.]

- At the Meetings, ATL agents made representations to 2911 Belleview that the warehouse was a "rock solid bunker-type" that could be used as either a warehouse or manufacturing facility. [Id., ¶ 12.]

- At the Meetings, ATL agents points out the access to both floors via the loading docks, the massive amount of electrical power flowing into the building, and that the building was air-conditioned. [Id., ¶ 13.]

- At the Meetings, ATL agents presented the Properties as commercially income-producing. [Id., ¶ 14.]

- On or around January 15, 2007, 2911 Belleview executed a Commercial Real

3

Case 4:08-cv-00442-FJG   Document 20   Filed 08/14/08   Page 3 of 6

Estate Contract, ("the Contract") wherein 2911 Belleview agreed to purchase the Properties from ATL. [Id., ¶ 15.]

Defendant states that these allegations do not make clear (1) when the representations were made; (2) by whom the representations were made; or (3) to whom the representations were made.

Plaintiff states in response that, where the "alleged fraud occurred over an extended period of time and the acts are numerous, the specificity requirements are less stringently applied." See Anthony Distributions, Inc. v. Miller Brewing Co., 904 F.Supp. 1363, 1366 (M.D. Fla. 1995). Plaintiff also notes that it specifically names ATL's agent, Brian Statton, as the individual who made the misrepresentations at the meetings. See Complaint, ¶ 11.

Defendant replies that the specificity requirements should not be applied less stringently in this case, as a lower standard of review is applied in cases where the litigant lacks access to the information needed to plead a claim with particularity, such as in certain securities fraud cases. See Medalie v. FSC Securities Corp., 87 F.Supp.2d 1295, 1307 (S.D. Fla. 2000). Here, in contrast, plaintiff is alleged to have been present when the alleged fraudulent misrepresentations were made. Further, defendant notes that Brian Stratton is simply alleged to have been present at meetings where the alleged misrepresentations occurred; he is not alleged to have made the representations. Defendant further notes that the Complaint does not specify to whom the representations were made.

Defendant further argues that plaintiff has failed to allege the elements of its fraud claim under Missouri law with particularity. The elements of a fraud claim in Missouri are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of falsity

4

or ignorance of the truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. Midwest Printing, Inc. v. AM Intern., Inc., 108 F.3d 168, 171 (8th Cir. 1997). Defendant states that plaintiff has failed to allege that (1) plaintiff or any of its representatives were ignorant of the alleged falsity of any representations; or (2) plaintiff had the right to rely on the alleged representations at issue. Plaintiff states in response it adequately pled a Missouri fraud claim; however, plaintiff does not address the specific deficiencies raised by defendant.

Finally, defendant notes that plaintiff has failed to attach a copy of the alleged "Commercial Real Estate Contract" to its petition. Defendant states that plaintiff should be required to attach a copy of the contract to the Complaint, which would allow defendant to respond to plaintiff's allegations.

After considering the parties' arguments, the Court finds that defendant's motion for more definite statement should be **GRANTED**. Plaintiff's Complaint fails to allege with sufficient particularity (1) when the representations were made; (2) by whom the representations were made; or (3) to whom the representations were made. This is not the sort of case where plaintiff's lack of access to information warrants a lower standard of pleading; instead, as noted by defendant, plaintiff alleges that it was present at the contract negotiations. Further, plaintiff has failed to plead that (1) plaintiff or any of its representatives were ignorant of the alleged falsity of any representations; or (2) plaintiff had the right to rely on the alleged representations at issue. Finally, the Court finds that

5

the contract at issue ought to be attached to plaintiff's pleadings in this matter.

Accordingly, plaintiff shall file an amended Complaint correcting the deficiencies identified by this Order on or before **AUGUST 25, 2008**.

## IV. Conclusion.

Therefore, for the foregoing reasons, Defendant ATL Holdings, LLC's Rule 12(e) Motion for More Definite Statement as to Count I and Rule 12(b)(6) Motion to Dismiss as to Count II of Plaintiff's Complaint (Doc. No. 5) is **GRANTED**. Count II of plaintiff's Complaint is **DISMISSED**. Plaintiff shall file an amended Complaint providing a more definite statement as to Count I on or before **AUGUST 25, 2008**.

**IT IS SO ORDERED.**

Dated:   8/14/08   .                         /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri.                       Fernando J. Gaitan, Jr.
                                             Chief United States District Judge

6

Case 4:08-cv-00442-FJG   Document 20   Filed 08/14/08   Page 6 of 6